**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT J. KULICK,<br><br>   Plaintiff,<br><br>   v.<br><br>LEISURE VILLAGE ASSOCIATION,<br>INC., et al.,<br><br>   Defendants. | NO. CV 19-7630-E<br><br>ORDER OF DISMISSAL |

**BACKGROUND**

Plaintiff filed a "Complaint and Request for Injunction and Declaratory Relief" on September 3, 2019. Plaintiff, a resident of Leisure Village in Camarillo, California, alleges wrongdoing by the Leisure Village Association and/or its board of directors. The Complaint purports to allege claims for: (1) alleged use of improper nomination procedures in violation of California Civil Code section 5105; and (2) alleged enforcement of invalid operating rules in violation of California Civil Code section 4350. Plaintiff seeks declaratory and injunctive relief.

On September 5, 2019, the Magistrate Judge issued a Minute Order stating that it appeared the Court lacks subject matter jurisdiction over Plaintiff's claims.[1] The Magistrate Judge ordered Plaintiff to show cause in writing, if there be any, why the Court should not dismiss the action for lack of subject matter jurisdiction.

On September 19, 2019, Plaintiff filed "Plaintiff's Statement Regarding the Court's Jurisdiction" ("Plaintiff's Statement").

**DISCUSSION**

In response to the September 5, 2019 Order to Show Cause, Plaintiff argues that, although the Complaint "concerns violations of California law. . . Plaintiff has brought the case in this federal district court based on a federal question" (Plaintiff's Statement, p. 2).[2] As the Court advised Plaintiff in the September 5, 2019 Order, "[a] mere error of state law is not a denial of due process." Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (internal quotations omitted); see also Cornejo v. County of San Diego, 504 F.3d 853, 855

---

[1] A court may consider the issue of subject matter jurisdiction sua sponte at any time. See Fed. R. Civ. P. 12(h)(3); WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc).

[2] Plaintiff does not allege, nor could he, any basis for diversity jurisdiction pursuant to 28 U.S.C. section 1332. See Strawbridge v. Curtiss, 7 U.S. (Cranch) 267 (1806), overruled on other grounds, Louisville C & C. R. Co. v. Letson, 43 U.S. (2 How.) 497 (1844). Plaintiff alleges that he is a "resident" of California, and that Defendant Leisure Village Association Inc. is a California corporation doing business in California (Complaint, ¶¶ 1-2). Plaintiff allegedly has been "a member and owner of LVA property for more than thirty-two (32) years (Complaint, ¶ 11).

n.2 (9th Cir. 2007) ("a claim for violation of state law is not cognizable under [42 U.S.C.] § 1983") (citation omitted). The Complaint fails to allege any claim under federal law.

Moreover, even if the Court were to interpret the Complaint to attempt to allege a constitutional claim pursuant to 42 U.S.C. section 1983, jurisdiction would still be lacking. As the Court advised Plaintiff in the September 5, 2019 Order, section 1983 creates a remedy only against a person acting under color of state law. See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Haygood v. Younger, 769 F.2d 1350, 1353 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." West v. Atkins, 487 U.S. 42, 46 (1988); see Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001). "[P]rivate parties" such as Defendant Leisure Village Association, Inc. "are not generally acting under color of state law." Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991), cert. denied, 503 U.S. 938 (1992).

Plaintiff argues that Defendant is a "quasi-government entity" (Plaintiff's Statement, p. 2). Plaintiff cites state law case for propositions that homeowners' associations "function in many respects as small municipal governments regulating many aspects of the daily lives of their members" and that a homeowners' association is "in effect a quasi-government entity paralleling in almost every case the powers, duties, and responsibilities of a municipal government" (Plaintiff's Statement, p. 2, citing Chantiles v. Lake Forest II

Master Homeowners Assn., 37 Cal. App. 4th 914, 45 Cal. Rptr. 2d 1 (1995) (concerning the right of a homeowners' association director to inspect association's records under state law), and Cohen v. Kite Hill Community Assn., 142 Cal. App. 3d 642, 191 Cal. Rptr. 209 (1983) (concerning association's approval of a nonconforming fence)). Plaintiff also argues that homeowners' associations perform "public-service functions" such as utility services, road maintenance, common area lighting and refuse removal, assertedly financed through "assessments or taxes" levied by the association (Plaintiff's Statement, pp. 2-3, citing Damon v. Ocean Hills Journalism Club, 85 Cal. App. 4th 468, 102 Cal. Rptr. 2d 205 (2000) (former association manager's defamation action against members of board of directors and others raising anti-SLAPP issue)).

Plaintiff's arguments for subject matter jurisdiction are unpersuasive. In none of the cases cited by Plaintiff did the court rule that a homeowners' association constitutes a state actor for purposes of section 1983. A private homeowners' association is not the functional equivalent of a municipality or a purported "quasi-governmental" entity. See Snowdon v. Preferred RV Resort Owners Ass'n, 379 Fed. App'x 636, 637 (9th Cir. 2010) (Nevada homeowners' association not a state actor; association did not perform the traditional and exclusive function of municipal governance; rather it provided "an assortment of basic amenities and simple services to its paying members, all within the fenced-in confines of its private property"); Hupp v. Solera Valley Greens Ass'n, 2015 WL 13447707, at *3 (C.D. Cal. Oct. 8, 2015) (rejecting contention that homeowners' association was a "quasi-government agency" and hence acted under of

4

color of law within the meaning of section 1983); Wong v. Village Green Owners' Ass'n, 2014 WL 12587040, at *4 (C.D. Cal. June 26, 2014) (the fact that state law governs the formation and operation of a homeowners' association does not make the association a state actor); Yan Sui v. 2176 Pacific Homeowners Ass'n, 2012 WL 6632758, at *11-12 (C.D. Cal. Aug. 30, 2012), adopted, 2012 WL 4900427 (C.D. Cal. Oct. 16, 2012), aff'd in part, remanded in part on other grounds, 582 Fed. App'x 733 (9th Cir.), cert. denied, 135 S. Ct 709 (2014) (homeowners' association not a state actor; distinguishing state cases referring to an association's functions as "quasi-governmental," none of which concerned issue of whether the association acted under color of law for purposes of section 1983); see also O'Connor v. Village Green Owners Ass'n, 33 Cal. 3d 790, 796, 191 Cal. Rptr. 320, 662 P.2d 427 (1983) (homeowners' association is analogous to a landlord and hence is a "business establishment" for purposes of California's Unruh Act); Talega Maintenance Corp. v. Standard Pacific Corp., 225 Cal. App. 4th 722, 730-32, 170 Cal. Rptr. 3d 453 (2014) (homeowners' association meetings not official proceedings under California's anti-SLAPP statute California Code of Civil Procedure section 425.16(e)(1); associations do not perform or assist in the performance of the actual government's duties).

Because of the fundamental nature of the jurisdictional defect discussed herein, amendment of the Complaint would be futile.

///
///
///

Therefore, the action is dismissed without prejudice for lack of subject matter jurisdiction.

        IT IS SO ORDERED.


        Dated: October 2, 2019.


                                        _____
                                        UNITED STATES DISTRICT JUDGE


Presented this 24th day
of September, 2019, by:


_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE